UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | Case No. 1:06-CR-68-003 |
| | ) | |
| SHANNON VINSON | ) | EDGAR/CARTER |

## REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b), I conducted a plea hearing in this case on November 6, 2006. At the hearing, defendant entered a plea of guilty to a lesser included offense contained within Count One of the Indictment, Conspiracy to Distribute 5 grams or more of cocaine base in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) and 846. There is no plea agreement in this case. On the basis of the record made at the hearing, I find that the defendant is fully capable and competent to enter an informed plea; that the plea is made knowingly and with full understanding of each of the rights waived by defendant; that it is made voluntarily and free from any force, threats, or promises, that the defendant understands the nature of the charge and penalties provided by law; and that the plea has a sufficient basis in fact.

I therefore recommend that defendant's plea of guilty to a lesser included offense contained within Count One of the Indictment be accepted, that the Court adjudicate defendant guilty of the charge of Conspiracy to Distribute 5 grams or more of cocaine base in violation of Title 21, United States Code, Sections 841(a)(1) and (b)(1)(B) and 846. I further recommend that defendant be taken into custody pending sentencing in this matter. Acceptance of the plea, adjudication of guilt, and imposition of sentence are specifically reserved for the district judge.

Dated: November 6, 2006          S/ William B. Mitchell Carter
                                 UNITED STATES MAGISTRATE JUDGE


NOTICE TO PARTIES

You have the right to *de novo* review of the foregoing findings by the district judge. Any application for review must be in writing, must specify the portions of the findings or proceedings objected to, and must be filed and served no later than ten days after the plea hearing. Failure to file objections within ten days constitutes a waiver of any further right to challenge the plea of guilty in this matter. *See* 28 U.S.C. §636(b).